# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBEL SISAY GEBREMEDHIN, <br><br> Defendant. | Case No. CR06-26RSL <br><br> ORDER DENYING MOTION TO MODIFY SENTENCE |

This matter comes before the Court on Defendant's "Motion to Modify Term of Imprisonment Pursuant to Title 18 U.S.C. § 3582(c)(2)" (Dkt. # 501). Defendant asks the Court to reduce his 108-month custodial sentence pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, and Amendment 750 to the United States Sentencing Guidelines. The Court DENIES the motion.

## I. BACKGROUND

Defendant pleaded guilty on September 5, 2006, to one count of conspiring to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 21 U.S.C. § 846. Dkt. # 208. In his Rule 11(c)(1)(C) plea, he acknowledged and stipulated that he had conspired to distribute at least 70.3 grams of cocaine base. Id. Under the version of U.S.S.G. § 2D1.1(c) then in effect, this drug quantity resulted in a base offense level of 32. Accounting for adjustments, he scored a net offense level at 29, which, combined with his criminal history category of IV, resulted in an applicable Guidelines range of 121 to 151 months. Nevertheless, the parties elected not to recommend a sentence

ORDER DENYING MOTION TO MODIFY SENTENCE - 1

1  within that range. Instead, the United States agreed that Defendant could choose a
2  sentencing range of either 96 to 132 months or 108 to 120 months. Dkt. # 501.
3  Defendant chose the latter: 108 to 120 months. Dkt. # 208. Accepting the terms of the
4  plea, the Court imposed a custodial term of 108 months. Dkt. ## 270–71.

In 2008, Defendant moved for a sentence reduction pursuant to Amendment 706, which lowered "by two points the base offense levels assigned to various quantities of crack cocaine in the Drug Quantity Table in U.S.S.G. § 2D1.1." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009). The Court denied his motion. Dkt. # 370.

## II. DISCUSSION

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" Wesson, 583 F.3d at 730. Defendant satisfies neither prong.

To be clear, Amendment 750 did in fact make substantial changes to the manner in which cocaine base scores under § 2D1.1. That is not the issue here. The issue is that, as discussed, Defendant entered into and was sentenced pursuant to a Rule 11(c)(1)(C) plea. And as Justice Sotomayor explains in her controlling concurrence in Freeman, a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement is typically not eligible for § 3582(c)(2) relief, despite the fact that "the parties . . . may have considered the Guidelines in the course of their negotiations." 131 S. Ct. at 2696–97 (Sotomayor, J., concurring).[1] Rather, he is eligible for a sentence modification

---

[1] Because Judge Sotomayor's concurrence provided the narrowest grounds for allowing Rule 11(c)(1)(C) defendants § 3582(c)(2) relief, it controls. Marks v. United States, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining

ORDER DENYING MOTION TO MODIFY SENTENCE - 2

only if his plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment" or it is "evident from the agreement itself" "that the basis for the [agreement's] specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty." Id. at 2697–98; see also id. at 2702 (Roberts, C.J., dissenting).

In this case, Defendant's plea agreement does not demonstrate either of these circumstances. There is no express reference to any Guideline range, and the range provided, 108 to 120 months, is not the "range applicable to the offense to which the defendant pleaded guilty," 121 to 151 months. Cf. id. at 2697–98 (Sotomayor, J., concurring). Furthermore, this is not a case in which "the agreement itself made clear that the parties arrived at the [108 to 120 month] term of imprisonment by determining the sentencing range applicable to [Defendant's] offenses and then" adjusting downward by some identifiable measure. Id. at 2700 n.9.

Thus, unlike the agreement at issue in Freeman, Defendant's agreement "does not indicate the parties' intent to base the term of imprisonment on a particular Guidelines range subsequently lowered by the Commission." Cf. id. at 2698 n.5, 2699–00. It arguably demonstrates the opposite—that the parties intended a range wholly distinct from any found in the Guidelines. See U.S.S.G. Sentencing Table (no 108 to 120 month range). The Court does not need to go that far, however. Because the "agreement 'does not contain any references to the Guidelines,' there is no way of knowing whether the agreement 'use[d] a Guidelines sentencing range to establish the term of imprisonment,' and," as explained by Justice Sotomayor, "a prisoner sentenced under such an agreement would not be eligible" for § 3582(c)(2) relief. Id. at 2700 n.9 (citations omitted).

---

the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds . . . .'" (alteration in original) (citation omitted)). Defendant's reliance on the broader views of the plurality opinion is misplaced. Cf. Mot. (Dkt. # 501) at 7–10.

ORDER DENYING MOTION TO MODIFY SENTENCE - 3

In sum, the Court did not sentence Defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Defendant cannot show that "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," e.g., U.S.S.G. § 1B1.10(a)(1) (stating that an individual is only eligible for a sentence reduction if he or she "is serving a term of imprisonment, <u>and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual</u>"). See <u>Wesson</u>, 583 F.3d at 730. Accordingly, "§ 3582(c)(2) simply does not apply." <u>Freeman</u>, 131 S. Ct. at 2698 n.5 (Sotomayor, J., concurring).

### III. CONCLUSION

For all of the foregoing reasons, Defendant's motion is DENIED.

DATED this 1st day of March, 2012.

_____
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO MODIFY SENTENCE - 4